GREGORY G. ISKANDER, Bar No. 200215
giskander@littler.com
DANIEL XULI, Bar No. 316583
dxuli@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
WASTE CONNECTIONS US, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ALFONSO DIAZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASTE CONNECTIONS US, INC., a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WASTE CONNECTIONS US, INC.**<br><br>Complaint filed: June 1, 2022 (Tehama County Superior Court Case No.: 22CI000123) |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WASTE CONNECTIONS US, INC. ("Defendant") hereby removes the action of *Alfonso Diaz v. Waste Connections US, Inc., et al.,* pending before the Superior Court of the State of California for the County of Tehama, Case No. 22CI000123, to the United States District Court for the Eastern District of California. This removal is based on 28 U.S.C. §§ 1441 and 1446. This Notice is based upon this Court's jurisdiction over the parties under 28 U.S.C. § 1332(d) (Class Action Fairness Act of 2005 or "CAFA"). Pursuant to Local Rule 120(d) of the Rules for the Eastern District of California, because this action is pending in Tehama County, assignment to the Sacramento Division of this Court is proper.

In support of this Notice of Removal, Defendant states the following:

**I.     STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than one hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    VENUE**

2. This action was filed in the Superior Court for the State of California, County of Tehama. Venue properly lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. sections 84(b), 1391, 1441, and 1446.

**III.   STATUS OF PLEADINGS, PROCESS AND ORDERS**

3. On or about June 1, 2022, Plaintiff Alfonso Diaz ("Plaintiff") filed a putative class action complaint ("Complaint") in the Superior Court of California, County of Tehama, which is

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

NOTICE OF REMOVAL TO FEDERAL COURT

captioned as follows: *Alfonso Diaz, on behalf of himself and all others similarly situated v. Waste Connections US, Inc., a Delaware corporation; and Does 1 to 10, inclusive*, designated as Case No. 22CI000123. *See* Declaration of Gregory G. Iskander in Support of Notice to Federal Court of Removal of Civil Action from State Court ("Iskander Decl.") ¶ 2. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

4. Plaintiff served Defendant with Complaint on June 29, 2022. *See* Iskander Decl. ¶ 3.

5. Plaintiff's Complaint alleged eleven causes of action for: (1) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510 and 1198); (2) Failure to Pay All Wages and Minimum Wages (Cal. Lab. Code §§ 221, 223, 1182, 1194, 1197, and 1198); (3) Failure to Provide Compliant Meal Breaks (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Provide Compliant Rest Breaks (Cal. Lab. Code § 226.7); (5) Failure to Provide Sick Pay (Cal. Lab. Code § 246); (6) Failure to Timely Pay Wages During Employment (Cal. Lab. Code § 204); (7) Failure to Timely Furnish Accurate Itemized Wage Statements (Cal. Lab. Code §226(a)) and Failure to Maintain Accurate Records; (8) Waiting Time Penalties (Cal. Lab. Code §§ 201 and 203); (9) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802); (10) Failure to Furnish a Safe and Healthful Place of Employment (Cal. Lab. Code §§ 6300-6400); and (11) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.).

6. Pursuant to the Complaint, Plaintiff brings this class action "on behalf of himself and all other similarly situated individuals who have worked for Defendant in California" for "any time from four-years prior to the filing of this complaint, through the resolution of this action" ("Class Period") *See* Exhibit A, Complaint ¶ 9.

7. Plaintiff specifically alleges two classes of individuals for this class action: (1) Plaintiff Class, and (2) Terminated Sub Class. *See* Exhibit A, Complaint ¶¶ 61-63. The "Plaintiff Class" is defined as "All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action". *Id.* at ¶ 62. The "Terminated Sub Class" is defined as "All members of the Plaintiff Class whose employment ended during the Class Period". *Id.* at ¶ 63.

///

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

NOTICE OF REMOVAL TO FEDERAL COURT

8. In the Complaint, Plaintiff states he was employed by Defendant in California until February 18, 2022. *See* Exhibit A, Complaint ¶ 11.

9. Plaintiff seeks unpaid wages, actual damages, restitution, declaratory relief, pre and post-judgment interest, statutory penalties, civil penalties, costs of suit, and attorneys' fees, among other damages. *See* Exhibit A, Complaint, Prayer for Relief. Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action. *Id*.

10. Defendant filed an Answer to Plaintiff's Complaint in Superior Court of California, County of Tehama on July 26, 2022. *See* Iskander Decl. ¶ 4. A true and correct copy of the Answer is attached hereto as **Exhibit B** and incorporated herein by reference.

11. To the best of Defendant's knowledge, no further proceedings have been filed in Plaintiff's state court action in the Superior Court, and the papers described above constitute all process, pleadings and orders filed and/or served in the Superior Court. *See* Iskander Decl. ¶¶ 5, 6.

**IV.   TIMELINESS OF REMOVAL AND NOTICE**

12. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within thirty (30) days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within thirty (30) days from June 29, 2022, when Plaintiff served the Complaint on Defendant. 28 U.S.C. § 1446(b). *See* Iskander Decl. ¶ 3.

**V.   NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

13. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Sacramento Division, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Bradley/Grombacher, LLP, 31365 Oak Crest Drive, Suite 240, Westlake Village, California 91361. *See* Iskander Decl. ¶ 7. In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Tehama. *Id*.

/ / /

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

NOTICE OF REMOVAL TO FEDERAL COURT

## VI. REMOVAL JURISDICTION PURSUANT TO CAFA

14. This Court has original jurisdiction over this action pursuant to CAFA. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are greater than one hundred (100) members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. section 1446. This case meets each of CAFA's requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least one hundred (100) members; (2) there is diversity between at least one putative class member and Defendant; (3) the total amount in controversy exceeds five million dollars ($5,000,000); and (4) Defendant is not a state official or other governmental entity.

### A. Plaintiff's Case Is Pled as a Class Action.

15. Under CAFA, a "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

16. Plaintiff's Complaint asserts that he brings this class action "on behalf of himself and all other similarly situated individuals [those who held or hold job positions which Defendant has classified as "non-exempt" employees] who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action" *See* Exhibit A, Complaint ¶¶ 9, 61-63.

### B. Plaintiff Brings This Action on Behalf of More Than 100 Persons.

17. CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(l)(D).

18. Here, the putative classes that Plaintiff purports to represent significantly exceed one hundred (100) members. *See* Cal. Civ. Proc. Code § 340; *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1209 (N.D. Cal. 2013); *Robles v. Schneider Nat'l Carriers, Inc.*, 2017 U.S. Dist. LEXIS

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5

NOTICE OF REMOVAL TO FEDERAL COURT

123065, at *25 (C.D. Cal. 2017). Defendant's records indicate that it employed at least five hundred (500) non-exempt, hourly employees in California during the Class Period. *See* Declaration of David Parrish in Support of Notice to Federal Court of Removal of Civil Action from State Court ("Parrish Decl.") ¶ 7.

19. Because Plaintiff's proposed class significantly exceeds one hundred (100) members, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Plaintiff Is a Citizen of California and Defendant Is a Citizen of Texas.

20. CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence can be prima facie evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship). Defendant's employment records reflect that Plaintiff informed Defendant that his last known home address was in Corning, California. *See* Parrish Decl., ¶ 6. Furthermore, Plaintiff asserts in his Complaint that "Plaintiff…is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California." *See* Exhibit A, Complaint ¶ 11. Therefore, Defendant asserts Plaintiff is a citizen of California for purposes of removal jurisdiction.

22. For diversity purposes, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

23. Defendant is a corporation formed under the laws of Delaware. Defendant maintains its headquarters and principal executive offices in The Woodlands, Texas. *See* Parrish Decl., ¶¶ 3-4.

24. For these reasons, the requirements for diversity jurisdiction are met because Plaintiff and Defendant are citizens of different states.

### D. More Than $5,000,000 Is In Controversy.

25. CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See*

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

NOTICE OF REMOVAL TO FEDERAL COURT

28 U.S.C. § 1332(d). Here, as Plaintiff's Complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

26. Although Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [defendant's] liability." *Lewis*, *supra,* 627 F. 3d at 400 (9th Cir. 2010). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what defendants might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds five million dollars ($5,000,000), defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

27. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 553. "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

28. Here, Plaintiff does not allege the amount in controversy. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7

NOTICE OF REMOVAL TO FEDERAL COURT

the notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*.

29. While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of damages, penalties, attorneys' fees, and other monetary relief at issue in this action clearly demonstrate that the total amount in dispute is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

30. Plaintiff seeks to recover unpaid wages, actual damages, restitution, declaratory relief, pre and post-judgment interest, statutory penalties, civil penalties, costs of suit, and attorneys' fees, among other damages for alleged failure to pay wages, failure to provide meal and rest breaks, failure to provide sick pay, inaccurate wage statements, failure to maintain accurate records, failure to timely pay all wages during employment, failure to timely pay all wages upon separation, failure to reimburse business expenses, failure to furnish a safe and healthful place of employment, and violation of California's Unfair Competition Law. *See* Exhibit A, Complaint, Prayer for Relief.

31. Specifically, Plaintiff's Complaint alleges "At all relevant times, Defendant issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position", "Defendant has maintained practices across its locations which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages", and "Defendant has engaged in, among other things, a system of willful violations of the Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits" *See* Exhibit A, Complaint ¶¶ 3, 4, 10; s*ee, e.g., Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, *10-11 (C.D. Cal.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

NOTICE OF REMOVAL TO FEDERAL COURT

May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies).

32. As noted *supra*, Plaintiff includes a cause of action for violation of the Unfair Business Practices Law ("UCL"), Business and Professions Code § 17200, *et seq*. *See* Exhibit A, Complaint ¶¶ 149-158. Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class' minimum wage and overtime claims from three (3) to four (4) years from the filing of the Complaint, which in this case, extends the statute of limitations back to June 1, 2018. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

33. While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of alleged unpaid wages, damages, penalties, attorneys' fees, and other monetary relief at issue in this action clearly demonstrate that the total amount in dispute is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

34. For purposes of removal, Defendant may assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy, and based on a preliminary review of its records, Defendant has employed at least five hundred (500) non-exempt, hourly employees working in Defendant's California locations since June 1, 2018. *See* Parrish Decl. ¶ 7. Additionally, since June 1, 2021, approximately sixty (60) hourly, non-exempt employees separated from Defendant. *See* Parrish Decl. ¶ 10.

### 1. Amount in Controversy – Plaintiff's Overtime Claim

35. In Plaintiff's First Cause of Action, Plaintiff alleges Defendant failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

NOTICE OF REMOVAL TO FEDERAL COURT

1  permissible by law as required by California Labor Code § 510 and 1198.  *See* Exhibit A, Complaint ¶¶ 72-74. As such, Plaintiff seeks compensation for Defendant's alleged failure to fully compensate overtime hours, interest, attorneys' fees, and costs of suit. *Id.* at ¶ 77.

36. California Labor Code section 510 requires that employers pay non-exempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or forty (40) in a week. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight (8) hours worked on the seventh (7th) day worked in a single workweek. Employers must also pay double time for all hours worked over twelve (12) hours in a day, and for all hours worked in excess of eight (8) on the seventh (7th) consecutive day of work in a single workweek. Cal. Lab. Code § 510(a). The statutory period for recovery under California Labor Code section 510 is calculated under a four-year statute of limitations. *See* Cal. Lab. Code § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

37. During the relevant statutory time period from June 1, 2018 to present, Defendant's records show that the alleged putative class worked over forty-one thousand (41,000) workweeks. *See* Parrish Decl. ¶ 7. The average hourly rate for non-exempt, hourly employees in California during the Class Period is $31.38 per hour. *See* Parrish Decl. ¶ 8.

38. Using a conservative estimate of one (1) hour of unpaid overtime per workweek, the amount in controversy for the unpaid overtime wage claim totals **$1,929,870.00** (41,000 workweeks * 1 hour per workweek * $31.38 per hour * 1.5 overtime rate). *See Jasso v. Money Mart Express, Inc.*, No. 11–CV–5500 YGR, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (one hour of overtime per workweek was reasonable given Plaintiff's allegations of a "uniform policy and scheme" and that putative class members worked over eight (8) hours per day and/or forty (40) hours in a week); *Jimenez v. Allstate Ins. Co.*, No. CV 10–8486 AHM (FFMx), 2011 WL 65764, at *3 (C.D. Cal. Jan. 7, 2011) (estimate of one (1) hour of unpaid overtime per workweek was reasonable based on allegation of "consistent" overtime work).

/ / /

/ / /

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10

NOTICE OF REMOVAL TO FEDERAL COURT

### 2. Amount in Controversy – Plaintiff's Minimum Wage Claim

39. In Plaintiff's Second Cause of Action, Plaintiff alleges that Defendants failed to pay Plaintiff and the Class for all hours worked in violation of California Labor Code §§ 221, 223, 1182.11, 1182.12, 1194, 1194.2, 1197, IWC wage order section 4 and the California Business and Professions Code. *See* Exhibit A, Complaint ¶¶ 80, 85-90. As such, Plaintiff seeks compensation for Defendant's alleged failure to fully compensate all hours worked, interest, attorneys' fees, and costs of suit. *Id.* at ¶ 88.

40. The statutory period for recovery of unpaid wages is calculated under a four-year statute of limitations. *See* Cal. Lab. Code § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

41. In claims for unpaid minimum wage under California Labor Code section 1194, employees may also recover liquidated damages "in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Lab. Code § 1194.2. Plaintiff specifically seeks restitution for all monies due to Plaintiff and the classes Plaintiff seeks to represent and all other relief the Court may deem just and proper. *See* Exhibit A, Complaint, Prayer for Relief.

42. While Defendant denies the validity and merit of Plaintiff's unpaid minimum wage claim, for purposes of removal only, based on a preliminary review of their records, Defendant's records show that the alleged putative class worked over forty-one thousand (41,000) workweeks during the statutory period from June 1, 2018, to present. *See* Parrish Decl. ¶ 7. The average hourly rate for non-exempt, hourly employees in California during the Class Period is $31.38 per hour. *See* Parrish Decl. ¶ 8.

43. Using a conservative estimate of one (1) hour of unpaid wages per work week, the amount in controversy for the minimum wage claim totals **$1,230,000.00** (41,000 workweeks * 1 hour per workweek * $15.00 per hour (2022 California Minimum Wage) * 2 (liquidated damages)).

### 3. Amount in Controversy – Plaintiff's Meal Period Claim

44. In Plaintiff's Third Cause of Action, Plaintiff seeks payments for alleged missed meal periods. *See* Exhibit A, Complaint ¶¶ 93-102. Plaintiff alleges Defendant failed "to provide Plaintiff

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11

NOTICE OF REMOVAL TO FEDERAL COURT

and the members of the Classes with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work" and "failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each non-compliant meal break". *See* Exhibit A, Complaint ¶ 100.  As such, Plaintiff seeks compensation for Defendant's alleged failure to provide compliant meal periods, interest, attorneys' fees, and costs of suit. *Id.* at ¶ 102.

45. An employee denied meal periods may be entitled to an additional hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).  The California Supreme Court held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 878 (2021).

46. While Defendant denies the validity and merit of Plaintiff's missed meal period claim, for purposes of removal only, based on a preliminary review of their records, Defendant's records show that the alleged putative class worked over forty-one thousand (41,000) workweeks during the statutory period from June 1, 2018, to present. *See* Parrish Decl. ¶ 7.  The average hourly rate for non-exempt, hourly employees in California during the Class Period is $31.38 per hour. *See* Parrish Decl. ¶ 8.

47. Using a conservative estimate of one (1) missed meal period per workweek and applying the average hourly rate, the amount in controversy for the missed meal period claim totals **$1,286,580.00** (41,000 workweeks * 1 missed meal period per workweek * $31.38 per hour).

### 4. Amount in Controversy – Plaintiff's Rest Period Claim

48. In Plaintiff's Fourth Cause of Action, Plaintiff seeks payments for alleged missed rest periods. *See* Exhibit A, Complaint ¶¶ 104-108.  Plaintiff alleges that "Defendant failed to provide Plaintiff and Class Member s with rest periods required by Labor Code sections 226.7, 512, and 516, IWC wage order, section 12 and categorically failed to pay any and all rest period wages due". *See* Exhibit A, Complaint ¶ 105.  As such, Plaintiff seeks compensation for Defendant's alleged failure

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  to provide compliant rest periods, interest, attorneys' fees, and costs of suit. *Id.* at ¶ 108.

2    49.   An employee denied rest breaks may be entitled to an additional hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day). The California Supreme Court held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 878 (2021).

10   50.   Plaintiff seeks payments for alleged missed rest periods, interest, attorneys' fees, and costs of suit. *See* Exhibit A, Complaint, Prayer for Relief.

12   51.   While Defendant denies the validity and merit of Plaintiff's missed rest break claim, for purposes of removal only, based on a preliminary review of their records, Defendant's records show that the alleged putative class worked over forty-one thousand (41,000) workweeks during the statutory period from June 1, 2018, to present. *See* Parrish Decl. ¶ 7. The average hourly rate for non-exempt, hourly employees in California during the Class Period is $31.38 per hour. *See* Parrish Decl. ¶ 8.

18   52.   Using a conservative estimate of one (1) missed rest break per workweek, the amount in controversy for the missed rest break claim totals **$1,286,580.00** (41,000 workweeks * 1 missed rest break per workweek * $31.38 per hour).

**5. Amount in Controversy – Plaintiff's Sick Pay and Failure to Timely Pay Wages During Employment Claims**

23   53.   In Plaintiff's Fifth Cause of Action, Plaintiff alleges that Defendant "failed to pay Plaintiff and members of the Class sick pay at the correct rate" as "Plaintiff received compensation in addition to hourly wages, but those additional amounts were not included when calculating sick pay wages". *See* Exhibit A, Complaint ¶ 111. As such, Plaintiff seeks compensation for Defendant's alleged failure to provide sick pay, interest, attorneys' fees, and costs of suit. *Id.* at ¶ 113.

28   54.   In Plaintiff's Sixth Cause of Action, Plaintiff alleges that Defendant "failed to pay

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13

NOTICE OF REMOVAL TO FEDERAL COURT

Plaintiff and members of the Classes all wags due including, but not limited to, all wages, sick pay wages, and/or meal and rest period premiums, within the time periods specified by Labor Code section 204". *See* Exhibit A, Complaint ¶ 116. Plaintiff further alleges "Plaintiff and the Plaintiff Class have been damaged in amount according to proof at time of trial". *Id.* at ¶ 117.

55. As Defendant easily meets the amount in controversy requirements without these claims, an analysis of these claims is not included in this Notice of Removal as it would only add to the overall amount in controversy.

### 7. Amount in Controversy – Plaintiff's Inaccurate Wage Statements Claim

56. In Plaintiff's Seventh Cause of Action, Plaintiff alleges that "Defendant knowingly and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual. This is a result of failing to pay all wages and for failing to provide meal and rest break premiums". *See* Exhibit A, Complaint ¶¶ 122-123. Plaintiff alleges "Plaintiff and members of the Classes herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a). *Id.* at ¶ 127. Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h). *Id.* at ¶ 128.

57. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code section 226(a)'s wage statement requirements is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of four thousand dollars ($4,000) per employee, and is entitled to an award of costs and reasonable attorney's fees. Cal. Lab. Code § 226(e). The statutory period for California Labor Code section 226(e) penalties is one year. Cal. Civ. Proc. Code § 340.

58. While Defendant denies the validity and merit of Plaintiff's inaccurate wage statements

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

14

NOTICE OF REMOVAL TO FEDERAL COURT

claim, for purposes of removal only, based on a preliminary review of their records, Defendant's records show that the alleged putative class of at least four hundred (400) non-exempt, hourly employees worked over nine thousand seven hundred (9,700) pay periods during the statutory period from June 1, 2021, to present. *See* Parrish Decl., ¶ 9.

59. Assuming, arguendo, that each employee during the statutory period was entitled to fifty dollars ($50) for the initial allegedly inaccurate pay stub and one-hundred-dollar ($100) penalty thereafter per pay period, not to exceed four thousand dollars ($4,000), the potential amount in controversy for this claim alone is at least **$973,050.00**.

### 8. Amount in Controversy – Plaintiff's Failure to Maintain Accurate Records Claim

60. In Plaintiff's Seventh Cause of Action, Plaintiff also alleges "Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members of the Classes as required under Labor Code section 1174.5" as "a result of missed meal and rest-break premiums". *See* Exhibit A, Complaint ¶ 124.

61. Plaintiff further alleges "As a result of not having kept accurate records, Plaintiff and the Class Members suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries" *See* Exhibit A, Complaint ¶ 125.

62. An employer who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500). Cal. Lab. Code § 1174.5.

63. While Defendant denies the validity and merit of Plaintiff's failure to maintain accurate records claim, for purposes of removal only, based on a preliminary review of their records, assuming, arguendo, that each member of the putative class of at least four hundred (400) non-exempt, hourly employees during the statutory period from June 1, 2021, to present was entitled to the civil penalty of five hundred dollars ($500), the potential amount in controversy for this claim alone is at least

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

15

NOTICE OF REMOVAL TO FEDERAL COURT

**$200,000.00** [400 putative class members x $500].

### 9. Amount in Controversy – Plaintiff's Waiting Time Penalties Claim

64. As Plaintiff's Eighth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code section 203. *See* Exhibit A, Complaint ¶¶ 130-135. The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See* Cal. Lab. Code § 203; *Pineda v. Bank of America*, N.A., 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

65. While Defendant denies the validity and merit of Plaintiff's waiting time penalties claim, for purposes of removal only, based on a preliminary review of their records, approximately sixty (60) of the putative class have separated from employment since June 1, 2021. *See* Parrish Decl. ¶ 10. The average hourly rate for non-exempt, hourly employees in California during the Class Period is $31.38 per hour. *See* Parrish Decl. ¶ 8.

66. Although Defendant denies Plaintiff's allegations, including any alleged damages, based on the reasonable assumption that putative class members could receive waiting time penalties for up to thirty (30) days, the amount in controversy for waiting time penalties claim could total **$451,872.00** (8 hours a day * 30 days * $31.38 per hour * 60 putative class members).

### 10. Amount in Controversy – Plaintiff's Failure to Reimburse Business Expenses Claim

67. In Plaintiff's Ninth Cause of Action, Plaintiff alleges that "During the relevant time period, Defendant had a company-wide policy of requiring Plaintiff and members of the Classes to utilize their own cellphones for the job" and "Defendant has, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section 2802". *See* Exhibit A, Complaint ¶¶ 139-140. The statute of limitations for this claim is three years. *See* Cal. Civ. Proc. Code § 338. Plaintiff further alleges "Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs, and interest thereon". *See* Exhibit A, Complaint ¶ 141.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

16

NOTICE OF REMOVAL TO FEDERAL COURT

68. While Defendant denies the validity and merit of Plaintiff's unreimbursed business expenses claim, for purposes of removal only, based on a preliminary review of their records, Defendant's records show that the alleged putative class worked over twenty thousand (20,000) pay periods during the statutory period from June 1, 2019, to present. *See* Parrish Decl., ¶ 11.

69. Plaintiff has not plead any specific facts regarding how much Plaintiff believes he and/or the putative class members were allegedly owed for alleged use of their personal cell phones. For purposes of removal only, assuming that Defendant failed to reimburse even $15 per pay period in necessary expenses, the amount placed in controversy for the business expense claim is **$300,000** (20,000 pay periods * $15 per pay period).

### 11. Amount in Controversy – Plaintiff's Attorneys' Fees Claim

70. Plaintiff seeks attorneys' fees and costs in his Complaint. *See* Exhibit A, Complaint, Prayer for Relief. Plaintiff's Complaint also alleges claims – for example, for the inaccurate wage statements – which allow for the recovery of attorneys' fees. *See* Exhibit A, Complaint, Prayer for Relief.; Cal. Lab. Code § 218.5. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

71. In California, it is not uncommon for an attorneys' fee award to be twenty-five (25) to thirty-three (33) percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

17

NOTICE OF REMOVAL TO FEDERAL COURT

is used, fee awards in class actions average around one-third of the recovery.").

72. The attorneys' fees benchmark in the Ninth Circuit is twenty-five (25) percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

73. Based on Plaintiff's allegations, the amount in controversy for Plaintiff's claims totals **$7,657,952.00**. This amount far exceeds five million dollars ($5,000,000) absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of twenty-five (25) percent further increases the amount in controversy by **$1,914,488.00** for a total amount in controversy of **$9,572,440.00**.

### 12. Amount in Controversy – Plaintiff's Injunctive Relief Claim

74. Finally, Plaintiff's Complaint also seeks injunctive relief to require Defendant to pay all damages, penalties, attorneys' fees, interests, and other monetary relief at issue. *See* Exhibit A, Complaint, Prayer for Relief. While Defendant has not yet quantified the costs of compliance with any such injunction, this would further increase the amount in controversy. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2011), cert granted in part, 534 U.S. 1126, 123 S.Ct. 1063, 151 L.Ed.2d 966 (2002); cert. dismissed, 537 U.S. 1, 123 S.Ct. 584 (2002); *see also Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) (cost of complying with injunction may be aggregated for CAFA purposes).

### 13. Summary of Amounts in Controversy

75. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid wages, failure to provide compliant meal and rest periods, failure to provide sick pay, failure to timely pay wages during employment, non-compliant wage statements, waiting time penalties, failure to reimburse business expenses, failure to furnish a safe and healthful place of employment, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d)(2).

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

18

NOTICE OF REMOVAL TO
FEDERAL COURT

| Plaintiff's Alleged Claim | Amount in Controversy (Conservative Estimate) |
|---|---|
| Unpaid Overtime | $1,929,870.00 |
| Unpaid Minimum Wage | $1,230,000.00 |
| Meal Period Premiums | $1,286,580.00 |
| Rest Period Premiums | $1,286,580.00 |
| Unpaid Sick Pay and Untimely Payment of Wages During Employment Claims | Amount in controversy already exceeds $5 million. These would only further exceed the $5 million dollars. |
| Inaccurate Wage Statements | $973,050.00 |
| Failure to Maintain Accurate Records | $200,000.00 |
| Waiting Time Penalties | $451,872.00 |
| Unreimbursed Business Expenses | $300,000.00 |
| Attorneys' Fees | $1,914,488.00 |
| **Amount in Controversy** | **$9,572,440.00** |

76. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the five million dollars ($5,000,000) threshold required under CAFA.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Tehama, to the United States District Court for the Eastern District of California.

Dated: July 28, 2022             LITTLER MENDELSON P.C.

/s/ GREGORY G. ISKANDER
GREGORY G. ISKANDER
DANIEL XULI
Attorneys for Defendant
WASTE CONNECTIONS US, INC.

4875-1570-4361.6 / 051110-1222

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

19

NOTICE OF REMOVAL TO FEDERAL COURT